

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-2740
Re: Authority of the Comptroller to issue warrants in payment of claims for which appropriations were made by former Legislatures.

Your request for an opinion, above subject matter, is as follows:

"1. This department, acting under the authority given under Art. 1035, C. C. P. issued deficiency certificate number 1638 September 15, 1931, to Henry Clark, for his account for witness fees due him by the State of Texas, against appropriation number O-1104. The Forty-third Legislature, Regular Session, by S. B. No. 100, made appropriationfor the payment of this deficiency certificate. The deficiency certificate, supported by valid claim in due form, was presented to the Comptroller and demand for payment was made before the appropriation lapsed, or expired. The claim was audited by the Joint Auditing Committee, as provided in said Appropriation Act. Under the then interpretation of the law the claim was rejected and no warrant issued in payment of this deficiency certificate.

"Subsequent rulings of the Attorney General and holdings of the courts show that the Comptroller was in error in not issuing warrant in payment of the certificate at the time it was presented.

"There is yet a balance in the appropriation sufficient to pay the amount of this certificate.

"Is the Comptroller authorized to issue warrant against appropriation O-1104, at this time, in payment of this certificate?

"2. We have another situation in which the deficiency certificate issued and was delivered to the owner. Subsequently the appropriation was made for payment of the certificate, but the certificate was not presented for payment until after two years from the close of the fiscal year which the appropriation for its payment had been made.

"Is the Comptroller authorized to issue warrant in payment of this certificate against the appropriation originally made for its payment?

"3.   This department should like you to answer the following question, also: (This does not involve a claim arising under the fee statutes, but applies to any ordinary claim.)

"A situation has arisen where a valid claim, in due and legal form, was presented to this department, in 1934, for payment against a proper appropriation made for that year.  For some reason, either from a misinterpretation of the statutes governing payment of the claim, or that it was withheld awaiting the outcome of pending litigation that would determine its legality, or through negligence, the Comptroller failed to issue a warrant at the time the claim was presented. It is now admitted that the Comptroller should have issued warrant in payment of this claim upon presentment. Demand is now made upon this department to issue warrant in payment of this claim against the appropriation made for same in 1934.

"Is this department authorized to issue the warrant?"

It is the opinion of this department that each of your questions should be answered in the affirmative.

If the respective claims were valid claims-- and it appears the Legislature has so treated them -- and an appropriation was made for their payment, we see no reason why proper warrants should not issue against such appropriation so long as it is available.

The situation is not like the ordinary appropriation to care for an expense to be incurred during a fiscal period, which would, of course, lapse at the end of the fiscal period, if the same had not been expended, but rather it is the setting aside of a sum in payment of a specific  already performed, or other preexisting debt.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Ocie Speer

By
    Ocie Speer
    Assistant

OS:MR
APPROVED OCT.10, 1940
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B. CHAIRMAN

THIS OPINION CONSIDERED AND APPROVED IN
LIMITED CONFERENCE